IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

MELISSA FAIN,

   Plaintiff,

vs.                                                                     CASE NO.: 1:17-cv-349

DISCOVER FINANCIAL SERVICES, INC.

   Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, MELISSA FAIN, by and through the undersigned counsel, and sues Defendant, DISCOVER FINANCIAL SERVICES, INC. ("DISCOVER"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like DISCOVER from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Mobile County, Alabama. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Alabama, residing in Mobile County, Alabama.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, DISCOVER is a corporation which was formed in Delaware with its principal place of business located at 2500 Lake Cook Road Riverwoods, Illinois 60015 and which conducts business in the State of Alabama through its registered agent, C T Corporation System, located at 2 North Jackson Street., Suite 605 Montgomery, Alabama 36104.

11. DISCOVER called Plaintiff hundreds of times in an attempt to collect a debt that was not owed by her.

12. Upon information and belief, some or all of the calls DISCOVER made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from DISCOVER.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (251) ***-0640, and was the called party and recipient of Defendant's calls.

14. DISCOVER placed an exorbitant amount of automated calls to Plaintiff's cellular telephone (251) ***-0640 in an attempt to reach the Plaintiff's daughter, Allison Fain.

15. Plaintiff does not currently have any account or business dealings with DISCOVER. Plaintiff never gave consent to be called by the Defendant.

16. On several occasions over the last four (4) years, Plaintiff instructed DISCOVER's agent(s) to stop calling her cellular telephone.

17. Plaintiff revoked her consent to be called by DEFENDANT by requesting that the calls stop. Specifically Plaintiff spoke with agents of Defendants and requested that defendant, "Please stop calling me. This isn't my daughter's cell phone. Please don't call me anymore." Each call Defendant made to Plaintiff's cell phone, after said revocation, was done so without the "expressed permission" of Plaintiff and in violation of the TCPA.

18. Plaintiff estimates hundreds of calls to her cell phone from Defendant.

19. The autodialer calls from Defendant came from telephone numbers including but not limited to (480) 481-1842, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to the Defendant.

20. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number up to eight (8) times a day with such frequency as can reasonably be expected to harass, all in an effort related to collection of her daughter's account.

21. Each of Plaintiff's requests for the harassment to end, by informing Defendant that she was not the individual they were calling, were ignored.

22. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

23. DISCOVER has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone

in this case.

24. DISCOVER has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or DISCOVER to remove the number.

25. DISCOVER's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to DISCOVER they do not wish to be called.

26. DISCOVER has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

27. DISCOVER has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

28. DISCOVER has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

29. DISCOVER's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from DISCOVER's call list.

30. DISCOVER has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31. Not one of DISCOVER's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. DISCOVER willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33. From each and every call placed without express consent by DISCOVER to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

34. From each and every call without express consent placed by DISCOVER to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from DISCOVER's calls.

35. From each and every call placed without express consent by DISCOVER to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by DISCOVER to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by DISCOVER to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

38. Each and every call placed without express consent by DISCOVER to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

39. Each and every call placed without express consent by DISCOVER to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

40. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

41. Plaintiff fully incorporates and realleges paragraphs one (1) through forty (40) as if fully set forth herein.

42. DISCOVER caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

43. DISCOVER willfully violated the TCPA with respect to Plaintiff for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified DISCOVER that Plaintiff was not the proper party and wished for the calls to stop.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against DISCOVER for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

        Respectfully submitted,

        /s/*Amy Ferrera, Esquire*
        Amy Ferrera, Esquire
        Florida Bar #:  15313
        *Application for Pro Hac Vice Pending*
        Morgan & Morgan, Tampa, P.A.
        201 N. Franklin Street, 7th Floor
        Tampa, FL 33602
        Tele:  (813) 577-4738
        Fax:  (813) 559-4846
        amferrera@forthepeople.com
        amoore2@forthepeople.com
        *Counsel for Plaintiff*